**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YURY SPEKTOR, | |
| Plaintiff, | |
| | Civil Action No. 08-4081 (JAG) |
| v. | |
| | **OPINION** |
| WILLIAM and DOROTHE MIDDLEBROOK III, ABC COMPANIES 1-10 and JOHN DOES 1-10, | |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on a motion to dismiss for lack of personal jurisdiction, and for failure to state a claim, by Defendants, William Middlebook III and Dorothe Middlebook, (collectively, "Defendants"), against Plaintiff, Yury Spektor, ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(1), and FED. R. CIV. P. 12(b)(2), respectively.[1]  For the reasons set forth below, Defendants' motion to dismiss is granted.

**I.   BACKGROUND**

Plaintiff filed the Complaint in this action on August 14, 2008, alleging injury sustained as a result of a dog bite incident, which took place on December 24, 2007.  In the Complaint, Defendants are named as owners of the offending animal, and Plaintiff seeks damages in

---

[1] Defendants have styled their motion to dismiss, as one made pursuant to FED. R. CIV. P. 12 (b)(6), for failure to state a claim upon which relief may be granted.  Defendants, however, only challenge the jurisdictional bases, both subject matter and personal, of Plaintiff's claim in this Court.  Such a motion is appropriately made pursuant to FED. R. CIV. P. 12(b)(1), and FED. R. CIV. P. 12(b)(2), respectively.

negligence and strict liability against them.  Plaintiff is a New Jersey citizen and resides in South Amboy, New Jersey.  Defendants are Vermont citizens and reside in West Wardsboro, Vermont.

Plaintiff contends that jurisdiction is proper over all Defendants in this action, pursuant to this Court's diversity jurisdiction, under 28 U.S.C. 1332(a).  Plaintiff asserts that Plaintiff's and Defendants' citizenship are diverse, and that the amount in controversy exceeds $75,000.00.

On October 13, 2008, Defendants filed their motion to dismiss for lack of subject matter jurisdiction and for lack of personal jurisdiction.  This Court agrees that personal jurisdiction does not exist over these Defendants here.[2]

---

[2]Subject matter jurisdiction is proper with this Court, pursuant to this Court's diversity jurisdiction, under 28 U.S.C. 1332(a).  Plaintiff's and Defendants' citizenship are diverse, and the amount in controversy exceeds $75,000.00.

Defendants' subject matter jurisdiction challenge is premised on Defendants' unsupported assertion that Plaintiff's claim does not meet the $75,000 amount in controversy requirement for diversity actions.  In support of its argument, Defendants cite irrelevant case law, which stands for the proposition that removing defendants challenging the amount in controversy must prove by a preponderance of the evidence that the requirement is not met.  (See Defendants' Brief in Support of the Motion to Dismiss ("Def. Moving Br."), p. 8 (citing Penn v. Wal-mart Stores, Inc., 116 F. Supp. 2d 557, 565 (D.N.J. 2000).)  Defendants then make a legally unsupported and illogical leap, stating that Plaintiffs have put forth no proof that the matter meets the amount in controversy requirement, and that Plaintiff's previously-made settlement demand for $50,000 sufficiently proves that the amount in controversy does not exceed $75,000.  (Id.)

As a preliminary matter, even according to Defendants' submission, it is a *defendant's* responsibility to prove by a preponderance of the evidence that the amount in controversy does not exceed the $75,000 threshold.  Moreover, courts will only dismiss claims where, on the face of the pleadings, "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).  Such certainty does not exist in this case and there is no allegation that Plaintiff arrived at the demanded damage amount in bad faith.  Thus, this Court accepts Plaintiff's pleading that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a).  Thus, Defendants' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), is denied.

## II.   STANDARD OF REVIEW

Where, as here, a federal court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, a "federal district court may assert personal jurisdiction over a non-resident of the state in which the court sits to the extent authorized" by that state's law.  Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434, 436 (3d Cir. 1987).  The New Jersey Long-Arm Statute grants jurisdiction over non-residents to the full extent of the Due Process Clause of the United States Constitution.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4(c)).  The Due Process Clause of the Fourteenth Amendment provides that a federal court has personal jurisdiction over a non-resident defendant only where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "  Provident Nat'l Bank, 819 F.2d at 436-37 (alteration in original) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

A district court may exercise either general or specific personal jurisdiction over a defendant.  Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).  Specific jurisdiction exists where a plaintiff's cause of action is directly related to or arises out of a defendant's contacts with the forum.  See Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  In contrast, general jurisdiction exists where the defendant maintains "continuous and systematic" contacts with the forum, such that the defendant should expect to be haled into court there on any cause of action.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n. 9 (1984); Provident Nat'l Bank, 819 F.2d at 437. Plaintiff's factual burden is higher when invoking general jurisdiction, and the factual showing must be "extensive and persuasive." Reliance Steel Prods. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

In either instance, the plaintiff bears the burden of establishing, through sworn affidavits or other competent evidence, that personal jurisdiction over the defendant can be exercised Abel v. Kirbaran, 267 F. App'x 106, 108 (3d Cir. 2008) (citing Mellon Bank (EAST) PSFS, N.A. v. DiVeronica Bros. Inc., 983 F.2d 551, 554 (3d Cir. 1993)).  A particular defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant, pursuant to this standard.  See FED. R. CIV. P. 12(b)(2).

### III.  DISCUSSION

Plaintiff's Complaint sets three causes of action against Defendants.  Defendants have moved to dismiss the entirety of Plaintiff's Complaint, asserting that this Court lacks both specific and general jurisdiction over the Defendants.  This Court agrees.

Plaintiff does not contend that this cause of action is directly related to or arises out of Defendants' contacts with the forum, such that would warrant the exercise of specific jurisdiction.  Instead, Plaintiff contends that Defendants' contacts with New Jersey are so continuous and systematic as to warrant general jurisdiction.

In support of this argument, Plaintiff's counsel, in Plaintiff's brief in opposition to Defendants' motion, states that they have "taken the liberty of hiring an investigator" that has discovered that Defendants "clearly still maintain contacts with New Jersey by maintaining a residence located at 47 Hemlock Circle, Princeton, New Jersey.  Furthermore, Mr. Middlebrook regularly shuttles back and forth on various business dealings between New Jersey and Vermont and has done so for several years." (Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, p. 3.)

Plaintiff attaches no affidavit or sworn statement made by the aforementioned

investigator, in support of what are mere statements made by counsel in Plaintiff's brief.[3] Nor does Plaintiff provide any support for its argument that Defendants remain subject to this forum's jurisdiction after they relinquished ownership of property in the forum, at a time prior to the incident, which forms the basis for Plaintiff's personal injury action.

Plaintiff fails to present extensive and persuasive evidence of Defendants' contacts with New Jersey. Thus, this Court finds no basis upon which to exercise personal jurisdiction over these Defendants. The alleged injury took place in Vermont. Defendants are Vermont citizens. They own no property in New Jersey, nor do they have sufficient contacts with this forum to anticipate being haled into its courts.

### III.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss for lack of personal jurisdiction, pursuant to FED. R. CIV. P. 12(b)(2), is granted.


Date: January 29, 2009

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[3] In fact, Plaintiff submits no evidence in support of the jurisdictional argument. Defendants, however, attached to their submission, a certification stating, in relevant part, that they owned, but had sold their New Jersey property on June 29, 2007. (See Certification of Matthew L. Rachmiel, Attached to Defendants' Reply Brief in Support of the Motion to Dismiss, ¶ 1.) Defendants also stated William Middlebrook occasionally travels to New Jersey as a required part of his employment as a Technical Support Lighting Specialist for Phillips, a multi-national corporation. (Id., ¶ 3.) Defendants certify that they have no other contact with the forum, except for Mr. Middlebrook's travel for work to New Jersey.

Plaintiff has produced no evidence to dispute Defendants' certification of their limited contacts with New Jersey. This Court agrees with Defendants that Mr. Middlebrook's occasional work-related trips to New Jersey do not constitute the systematic and continuous contact required for this Court to exercise general jurisdiction over Defendants.